IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00371-BNB

LARRY GORDON,

Plaintiff,

v.

RICK RAEMISCH, Executive Director of Colorado Department of Corrections,
FRANCIS FAULK, Warden Limon Correctional Facility, and
JOHN SUTHERS, Colorado Attorney General,

Respondents.

---

ORDER DIRECTING APPLICANT TO FILE
SECOND AND FINAL AMENDED APPLICATION

---

Applicant, Larry Gordon, is a prisoner in the custody of the Colorado Department of Corrections at the correctional facility in Limon, Colorado. He has submitted *pro se* an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5) and an affidavit (ECF No. 6). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe liberally the amended habeas corpus application because Mr. Gordon is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gordon will be ordered to file a second and final amended habeas corpus application if he wishes to pursue his claims in this action.

The amended habeas corpus application is not on the Court-approved form for

filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to use the Court-approved forms found on the Court's website. The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117

F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).

Instead of stating his asserted claims clearly and concisely in the spaces provided on the Court-approved form, Mr. Gordon has created his own document that fails to follow the directives of the order of February 12, 2014, for an amended application on the Court-approved form that complies with Rule 8(a) of the Federal Rules of Civil Procedure and Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts. Mr. Gordon will be given a final opportunity to cure the deficiencies in his amended habeas corpus application by submitting a second and final amended application that complies with the February 12 order. The Court will not consider any claims raised in separate attachments, affidavits, amendments, supplements, motions, or other documents not included in the second and final amended application. Mr. Gordon is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order and the February 12 order, the dismissal may bar recovery if Mr. Gordon seeks to refile in this Court because the one-year limitations period in 28 U.S.C. § 2244(d) may have run on his § 2254 claims.

Accordingly, it is

ORDERED that Applicant, Larry Gordon, file **within thirty (30) days from the date of this order** a second and final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complies with the directives of this order and the

order of February 12, 2014. It is

FURTHER ORDERED that Mr. Gordon shall obtain the Court-approved form to file an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and must use that form in submitting the second and final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Gordon fails to file a second and final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complies with this order and the February 12 order within the time allowed, the amended application may be denied and the action dismissed without further notice.

DATED February 27, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge