IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00371-BNB

LARRY GORDON,

    Applicant,

v.

FRANCIS FAULK, Warden, Limon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents.

---

ORDER DENYING APPLICANT'S MOTION FOR RECUSAL AND
DIRECTING RESPONDENTS TO FILE PRE-ANSWER RESPONSE

---

Applicant, Larry Gordon, acting *pro se*, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado. On February 7, 2014, he submitted an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). On February 12, 2014, I entered an order (ECF No. 4) directing Mr. Gordon to file within thirty days on the Court-approved form an amended application that complied with Rule 8(a) of the Federal Rules of Civil Procedure and Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules).

On February 24, 2014, Mr. Gordon filed an amended application (ECF No. 5) and an affidavit (ECF No. 6). The amended application was not on the Court-approved form and did not comply with Fed. R. Civ. P. 8(a) or the Section 2254 Rules. On February 27, 2014, I entered an order directing Mr. Gordon to file within thirty days a second and

final amended application on the Court-approved form that complied with Fed. R. Civ. P. 8(a) and the Section 2254 Rules.  On March 5, 2014, Mr. Gordon filed both a second and final amended application (ECF No. 8) and a motion (ECF No. 9) asking for my recusal.

The Court must construe the motion for recusal liberally because Mr. Gordon is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below the motion for recusal will be denied.

In the recusal motion, Mr. Gordon makes allegations about the Honorable John L. Kane, which are irrelevant here because Judge Kane is not a judge on this case, and asks for my recusal "because of a personal conflict against the petitioner."  ECF No. 9 at 2.  Because of Mr. Gordon's *pro se* status, I will construe the motion for recusal as a motion under 28 U.S.C. § 455.

Pursuant to 28 U.S.C. § 455(a), '[a]ny justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of partiality."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  "[W]hat matters is not the reality of bias or prejudice but its appearance."  *Liteky v. United States*, 510 U.S. 540, 548 (1994).  Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality."  *United States v. Cooley*, 1 F.3d 985,

992 (10th Cir. 1993). "The decision to recuse is committed to the sound discretion of the district court." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations." *See David v. City & County of Denver*, 837 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095. A judge is obligated not to recuse when there is no occasion for him to do, just as he is obligated to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). If, however, disqualification under § 455(a) is a close question, the balance tips in favor of recusal. *See Nichols*, 71 F.3d at 352.

Under § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *Id.* at 351; *Cooley*, 1 F.3d at 993. The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See Nichols*, 71 F.3d at 350-51; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993 (emphasis in original). Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. *Id.* Section 455(a) is


not to be construed so broadly that recusal would be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986) (citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)).  Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial.  *See Cooley*, 1 F.3d at 993.  The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.  *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

Mr. Gordon's request for my recusal is insufficient because it fails to show personal bias or prejudice.  The recusal motion apparently is based only on Applicant's disagreement with my orders requiring him to file an amended application on the Court-approved form that complies with Fed. R. Civ. P. 8(a) and the Section 2254 Rules.  The recusal petition fails to make any argument that would demonstrate an appearance of partiality.  Mr. Gordon's disagreement with my orders is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.  Therefore, the March 5 motion for my recusal will be denied.

As part of the preliminary consideration of the second and final amended application (ECF No. 8) filed on March 5 in this action and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), I have determined that a limited pre-answer response is appropriate.  Respondents are directed pursuant to Rule 4 of the Section 2254 Rules to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A).  If Respondents do not intend to raise either of these affirmative defenses, they must notify the Court of that decision in the pre-answer response.  Respondents may not file a dispositive motion as their pre-answer response, or an answer, or otherwise address the merits of the claims in response to this order.

In support of the pre-answer response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the pre-answer response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.

Accordingly, it is

ORDERED that the motion for recusal (ECF No. 9) that Applicant, Larry Gordon, filed on March 5, 2014, and which has been construed liberally as a motion pursuant to 28 U.S.C. § 455(a), is denied.  It is

FURTHER ORDERED that **within twenty-one (21) days from the date of this order** Respondents shall file a pre-answer response that complies with this order.  It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the**

**pre-answer response** Applicant may file a reply, if he desires.  It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the pre-answer response.

DATED March 10, 2014, at Denver, Colorado.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge