IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00371-BNB

LARRY GORDON,

    Applicant,

v.

FRANCIS FAULK, Warden, Limon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN SUTHERS,

    Respondents.

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

    Applicant, Larry Gordon, is a prisoner in the custody of the Colorado Department of Corrections at the correctional facility in Limon, Colorado. He was granted leave to proceed pursuant to 28 U.S.C. § 1915. On February 27, 2014, the Court ordered him to file within thirty days a second and final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the proper, Court-approved form and that complied with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts.

    On March 5, 2014, in response to the February 27 order, Mr. Gordon filed a second and final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8). On April 8, 2014, he filed a motion for the appointment of counsel (ECF No. 19) to represent him in this habeas corpus action because he is indigent and a mental patient, and a motion to issue subpoena duces tecum (ECF No. 20) requesting

tapes from a police report dated August 3, 1992.

The Court must construe Mr. Gordon's motions liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion for the appointment of counsel will be denied as premature. The motion for subpoena duces tecum will be denied as unnecessary.

The Court notes initially that "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Furthermore, decisions regarding appointment of counsel in habeas corpus proceedings generally are "left to the court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). "However, there is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required." *Id.* More specifically, Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

The Court has made no determination regarding whether an evidentiary hearing is warranted in this action. In fact, Respondents only filed a pre-answer response (ECF No. 18) addressing the habeas corpus application on March 28, 2014, and Applicant continues to have twenty-one days from the filing of the pre-answer response to file a reply. Therefore, Applicant is not entitled to appointment of counsel and the Court exercises its discretion in considering the motion for appointment of counsel.

The Court is not persuaded that appointment of counsel is necessary in the interests of justice at this stage of the proceedings.  It does not appear that the claims in this action are complex or that Applicant lacks the ability to identify the issues and express his position with respect to the claims.  Therefore, the motion for appointment of counsel will be denied.

Accordingly, it is

ORDERED that the motion for appointment of counsel (ECF No. 19) is DENIED as premature.  It is

FURTHER ORDERED that the motion to issue subpoena duces tecum (ECF No. 20) is DENIED as unnecessary.

FURTHER ORDERED that the Court will not consider any further filings in this action other than a reply to the pre-answer response.

DATED April 10, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge