IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00371-BNB

LARRY GORDON,

    Applicant,

v.

FRANCIS FALK, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Larry Gordon, is a prisoner in the custody of the Colorado Department of Corrections at the correctional facility in Limon, Colorado.  On March 5, 2014, Mr. Gordon filed *pro se* a second and final amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8).  He is challenging the validity of his conviction in Denver District Court Case No. 93CR1055.  Mr. Gordon has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On March 10, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 10) directing Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On March 28, 2014, after being granted an extension of time, Respondents submitted their pre-answer response (ECF No. 18).  On April 21, 2014, Mr. Gordon submitted a reply (ECF No. 22).

    The Court must construe Mr. Gordon's filings liberally because he is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Gordon was convicted on October 29, 1993, by a jury in Denver District Court Case No. 93CR1055 of second-degree burglary, second-degree kidnapping, and third-degree assault.  ECF No. 18, ex. A (state register of actions) at 12-13.  On December 17, 1993, the trial court sentenced him to 12 years for second-degree burglary, 8 years for second-degree kidnapping, and 2 years for third-degree assault, to be served concurrently.  ECF No. 18, ex. A at 13.  Although these sentences would have expired had they been Mr. Gordon's only sentences, they are consecutive to those imposed in other cases and, under Colorado law, he remains in custody on these convictions.  *See* Colo. Rev. Stat. § 17-22.5-101 ("[When any inmate has been committed under several convictions with separate sentences, the [Colorado Department of Corrections] shall construe all sentences as one continuous sentence.").

Mr. Gordon appealed directly from his convictions and sentences, arguing only the sufficiency of the evidence.  ECF No. 18, ex. L (appellant's opening brief).  On May 25, 1995, the Colorado Court of Appeals affirmed.  ECF No. 18, ex. K (*People v. Gordon*, No. 94CA0005 (Colo. Ct. App. May 25, 1995)).  On November 14, 1995, the Colorado Supreme Court denied certiorari review.  ECF No. 18, ex. I.  On October 7, 1996, the United States Supreme Court denied certiorari review.  ECF No. 18, ex. H.

On January 25, 1996, while his certiorari petition was pending in the United States Supreme Court, Mr. Gordon filed a motion for sentence reconsideration pursuant

to Rule 35(b) of the Colorado Rules of Criminal Procedure, which the trial court denied without a hearing on March 8, 1996. ECF No. 18, ex. A at 8. On December 16, 1997, Mr. Gordon filed the first of four motions to disqualify the trial judge, as well as an affidavit in support of the first motion to disqualify. ECF No. 18, ex. A at 7. On January 8, 1998, he filed a second motion for the judge's recusal and supporting affidavit. ECF No. 18, ex. A at 7. On January 26, 1998, he filed a petition for writ of error *coram nobis*, ECF No. 18, ex. A at 7, which the trial court dismissed on February 10, 1998. ECF No. 18, ex. A at 7. On March 10, 1998, he filed a petition for rehearing, which was denied on March 18, 1998. ECF No. 18, ex. A at 7.

Although Mr. Gordon filed a number of postconviction motions after March 18, 1998, including a third motion to disqualify the judge on March 23, 1998 (ECF No. 18, ex. A at 7), and a fourth such motion on October 2, 2012 (ECF No. 18, ex. A at 5-6), it is unnecessary for the Court to address any of these postconviction motions except Applicant's motions filed on August 9, 2012, and September 7, 2012, to set aside judgment and sentence, and to issue a subpoena, all of which the trial court denied on September 7, 2012. ECF No. 18, ex. A at 6. Mr. Gordon did not timely appeal or seek rehearing. On November 29, 2012, the requests for disqualification of the trial judge were denied. ECF No. 18, ex. A at 5. Mr. Gordon did not appeal.

On December 17 and 20, 2013, Mr. Gordon filed petitions for rehearing (ECF No. 18, ex. A at 5), but the rulings for which he sought rehearing are unclear . On January 3, 2013, the trial court denied the petitions. ECF No. 18, ex. A at 5. On January 18, 2013, Mr. Gordon initiated an appeal in the Colorado Court of Appeals. ECF No. 18, ex. A at 5.

After Mr. Gordon filed an opening brief approximately on January 29, 2013 (ECF No. 18, ex. G at 13), the Colorado Court of Appeals on March 11, 2013, entered an order (ECF No. 18, ex. F) in which it noted Mr. Gordon appeared to be appealing from orders that denied the petitions for rehearing but "did not rule upon the actual merits of any substantive postconviction claim." ECF No. 18, ex. F at 2. Because orders denying rehearing petitions would be nonfinal and nonappealable, the Colorado Court of Appeals directed Mr. Gordon to show cause why the appeal should not be dismissed. ECF No. 18, ex. F at 3.

Mr. Gordon's response to the show-cause order (ECF No. 18, ex. E) failed to satisfy the Colorado Court of Appeals. On April 11, 2013, the state appeals court entered an order dismissing the appeal for lack of "a final order . . . from which an appeal may be taken." ECF No. 18, ex. D at 2. Mr. Gordon then filed "Interlocutory Appeals" in the Colorado Supreme Court (ECF No. 18, ex. C at 3-6), which the state supreme court treated as a petition for writ of certiorari from the April 11, 2013, state appeals court order (ECF No. 18, ex. C), and on January 27, 2014, denied the certiorari petition. ECF No. 18, ex. B at 2.

On February 7, 2014, Mr. Gordon filed his original habeas corpus application (ECF No. 1) in this Court. On February 24, 2014, he filed an amended application (ECF No. 5), and on March 5, 2014, he filed the second and final amended application (ECF No. 8).

In the second and final amended habeas corpus application, Mr. Gordon asserts two claims verbatim as follows:

    1.    Denied due process: On July 4, 1992, Petitioner was

>arrested on (DUI) and stalking in the State of Nebraska, and only advised of those charges on the 6th of July 1992, first appearance, held for 37 days without counsel to obtain a confession or other evidence[,] an unnecessary delay in presentment in violation of criminal procedure Rule 5(a); (quote, Riverside v. McLaughlin, 500 U.S. 44, 111, S.Ct. 1661, 114 L.Ed.2d 49 (1991) (quoting, Torres v. Supt. of Police, 893 F.2d 404, 410 (1st Cir. 1990); don't know my rights as explained to me. ECF No. 8 at 5.
>
>2. Denied Equal Protection as enjoyed by white citizens: That Petitioner was denied equal treatment as other inmates held in custody of the County Jail, the State of Colorado, Petitioner was return to Colorado to be subjected to torture (quoting, F.S. Rayster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 561-62, 64 L.Ed. 989 (1920); New York City Transit Authority v. Beazer, 440 U.S. 568, 587, 99 S.Ct. 1355, 1367, 59 L.Ed.2d 587 (1979). ECF No. 8 at 6.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

>(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Gordon's criminal case became final. Generally, a conviction becomes final "after the United States Supreme Court has denied review of a decision by the state court of last resort, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001); *see also* Sup. Ct. R. 13(1).  Here, the Colorado Supreme Court denied certiorari review in Mr. Gordon's direct appeal of his criminal conviction on November 14, 1995.  On October 7, 1996, the United States Supreme Court denied certiorari review.  As a result, Mr. Gordon's conviction became final on October 7, 1996, when the Supreme Court denied a petition for a writ of certiorari. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Locke*, 237 F.3d at 1273. The one-year limitation period for purposes of § 2244(d) began to run on October 7, 1996, the date that direct appeal concluded.  *See Holland v. Florida*, 130 S. Ct. 2549, 2555 (2010).

The Court next must determine whether Mr. Gordon's state court postconviction motions tolled the one-year limitation period.  Pursuant to § 2244(d)(2), a properly filed

6

state court postconviction motion tolls the one-year limitation period while the motion is pending. The issue of whether a postconviction motion is pending is a matter of federal law. *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitation period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

The one-year period of limitation ran for **435 days** from October 7, 1996, when the United States Supreme Court denied certiorari review, to December 16, 1997, when Mr. Gordon filed his first postconviction motion, i.e., the first of four motions to disqualify the trial judge. Mr. Gordon had no "properly filed" motion for postconviction relief pending during the period from October 7, 1996, until October 7, 1997, when the one-year limitation period expired. The December 16, 1997, motion failed to toll the limitation period for two reasons. First, the motion was filed after the limitation period expired on October 7, 1997. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act of 1996] [(]AEDPA[)]] will toll the statute of limitations."). Secondly, the December 16, 1997, motion did not seek postconviction review "with respect to the pertinent judgment or claim for relief." 28 U.S.C. 2244(d)(1). Rather, it sought recusal of the trial judge, not a decision on the merits. *See, e.g., Woodford v. Garceau*, 538 U.S. 202, 207 (2003) (holding that a

motion requesting postconviction counsel that does not state any factual or legal grounds for relief as required by Rule 35(c) is not a properly filed application for § 2244(d) purposes because it does not call for a decision on the merits); *see also May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (postconviction motions for transcripts and petitions for writs of mandamus relating to those motions do not toll the one-year time bar) (citing *Osborne v. Boone*, 176 F.3d 489 (10th Cir. 1999) (unpublished) ("attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2)") (citing *Hoggro*, 150 F.3d at 1226-27.

None of Mr. Gordon's subsequent postconviction filings tolled the limitation period because they, too, postdated the expiration of the limitation period. *See Clark*, 468 F.3d at 714. Therefore, this habeas corpus action, initiated on February 7, 2014, is untimely.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the habeas corpus applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*,

141 F.3d at 978).  Mr. Gordon bears the burden of demonstrating that equitable tolling is appropriate in this action.  *See id.*

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  Therefore, in the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim.  *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013); *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d).  *McQuiggin*, 133 S. Ct. at 1928.  However, "tenable actual-innocence gateway pleas are rare."  *Id.*  To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at 1935 (applying actual innocence test in *Schlup* to one-year limitation period in § 2244(d)).  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at 1928, 1935.  Furthermore, untimeliness "bear[s] on

the credibility of evidence proffered to show actual innocence." *McQuiggin*, 133 S. Ct. at 1936. Thus, "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.* at 1928.

Mr. Gordon fails to present any reasoned argument that the one-year limitation period should be tolled for equitable reasons. Therefore, the Court finds no basis for equitable tolling in this action. The action is barred by the one-year limitation period. Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Gordon files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the second and final amended habeas corpus application (ECF No. 8) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  7th  day of     May        , 2014.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court